# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | No. 20-04089-01-CR-C-RK |
| **KYLE G. GIBLER**, | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Teresa A. Moore, the United States Attorney for the Western District of Missouri and undersigned counsel, respectfully submits this sentencing memorandum in the above captioned matter, set for a sentencing hearing on September 7, 2023. For the reasons set forth below, the Government recommends that the Court sentence the defendant, Kyle G. Gibler, to 360 months' imprisonment and a lifetime of supervised release.

On August 25, 2022, the defendant appeared before U.S. Magistrate Judge Willie J. Epps, Jr., and entered a plea of guilty to Count 1 of the Indictment, which charges attempted production of child pornography. Pursuant to the plea, the defendant agreed to the following facts:

> On July 26, 2019, a Boone County Sheriff's Deputy went to the residence in Columbia, Boone County, Missouri, to investigate a report of possible child enticement. The deputy spoke with an individual at the Boone County Children's Division, who reported that the children's division had received an anonymous report that a 11-year-old, female (FV), had been on internet dating sites and Facebook and had distributed nude photographs of herself to adult men.
>
> At 1:50 p.m., the deputy arrived at FV's residence and knocked on the front door of the residence, which was answered by FV's mother's boyfriend. He stated that the previous week FV's mother had discovered that FV had been sending photos

on a phone. FV's mother had taken the phone from FV and had prohibited her from using any other electronic devices.

On July 28, 2019, the deputy returned to FV's residence, and made contact with her mother. FV's mother stated that she first learned that FV was sending out nude photos of herself approximately three weeks prior. FV was given a black LG Stylo 4 cell phone by a friend, who attended Elementary School with FV. FV's mother stated that she received a call from the friend's mother, who stated that police officers had come to her house and were looking for the cell phone. The cell phone was linked to a school account, and nude photos of FV were found on the school account and police were investigating.

FV's mother stated that she immediately took FV's phone. FV's mother saw some of the messages that FV had exchanged with men, and one of them stated something to the effect of "I'm not going to talk to you until you send me what I want." FV stated that she conducted a factory reset of the phone and maintained possession of it.

The deputy then spoke with FV, who stated that she had communicated with "Paul" on the application "Fastmeet." FV stated that she represented herself to be 18 years old in order to use Fastmeet, and had used the application to talk to people. FV described "Paul" as an 18-year-old male who resided in Florida. FV eventually developed a relationship with "Paul" and sent "Paul" pictures of her breasts.

FV's mother stated that FV also had a Facebook account and used Snapchat. FV's mother provided the deputy the LG cell phone that FV had used and executed a waiver form allowing law enforcement to examine the phone and access FV's accounts. FV's mother stated that she had reset the phone to its factory settings.

A detective with the Boone County Cyber Crimes Task Force (BCCCTF) examined the LG cell phone seized by the deputy. The detective contacted Columbia Public Schools and verified FV's email address.

On October 10, 2019, a CAC interview of FV was conducted by a forensic interviewer at Rainbow House. FV stated that she was on a website called "Fastmeet," which was a dating site for persons 18 years of age and older. FV stated that she misrepresented her age to get on the site, but when communicating with persons online, she would disclose her true age, stating she was 11 years old.

2

FV stated that she communicated with a subject named "Paul," and sent nude photos to him.

The detective obtained a state search warrant from FastMeet for "Paul's" account, ID #33555324, which showed sexually explicit communications between FV and "Paul" from June 4, 2019, to June 16, 2019. The conversations showed "Paul" induced FV to take and send sexually explicit images of herself and her little brother, MV, who was two years old. The following is a selection of the FastMeet communications that occurred between FV and "Paul":

June 4, 2019:

Paul: want to make daddy cum babygirl? i want to be your pedophile daddy ur so beautiful and sexy as fuck little girl.can daddy have you babygirl?? ??????
Paul: how old r u girl
FV: 11 u
Paul: daddys 26 do u care? ????
Paul: i want to be ur pedophile daddy ?
Paul: can daddy see u babygirl
Paul: my pedophile cock is so hard for u little girl

June 8, 2019:

Paul: can i see, his little kid cock
FV: Yes
Paul: unless u dont want to show but ur big pedophile daddy really wants to see
Paul: oh daddy is,excited to see
FV: (Sends an image of MV sleeping)
FV: He won't let me move him
Paul: when can pedo daddy see its so hot babygirl
FV: I'm trying
Paul: lol he is the cutest little boy omg babygirl
Paul: hmmm say need a change and them just put it back on? if it works haha
FV: I know
Paul: ur so hot my love
Paul: damn
FV: And I do have to change him

3

Paul: ur making daddys pedo cock so excited got do hard to you and him my love

Paul: so not do lol

Paul: u tellin him ur changing him?

FV: Yes first let me wipe him up

Paul: ok babygirl ??

FV: (Sends an image of MV laying down nude with his genitals exposed.)

Paul: wow i want to rub my cock all over that little boy omg girl

June 9, 2019

Paul: daddy wants your sexy little pussy so bad babygirl

Paul: are u home with other people besides ur step dad and lil brother

FV: No

FV: It's just me and my little brother who is up

Paul: well do u want to show daddy more? daddy wants to cum to you two ?????

FV: More of what

Paul: pics of his little naked body and one of u if u feel confident more with ur pedophile daddy babygirl

Paul: so fucking sexy babygirl

Paul: if u want my love :")

FV: So of my little brother naked

Paul: loool ur so fucking cute daddy cant believe it

Paul: ok baby yeah of ur cute little brother

Paul: daddy loves it and u

FV: (Sends an image of MV sitting nude on a toilet.)

Paul: mmm u love daddys pedophile cock getting hard to him

Paul: can i see his little asshole? daddy wants to put my pedo cock in so bad

FV: (Sends an image of MV nude on his hands and kneed with his buttocks exposed.)

Paul: mmmmm would u lick his little ass with ur pedo daddy

FV: My little brother is taking a bath

Paul: u love showing daddy dont u

FV: (Sends a video of MV nude in the bathtub.)

FV: What

Paul: him

Paul: he so cute god damn

Paul: say put ur butt over the side and take a pic if his little butt hole

4

(FV subsequently sent "Paul multiple videos of MV nude in the bathtub with his genitals exposed.)

June 11, 2019

FV: I'm just laying up stairs and I'm naked
Paul: mm mmmm :P:P:P ur not naked
FV: Yes I am
FV: Do u not believe me
Paul: well ur pedophile daddy wants to see yah
FV: So u don't believe me
Paul: i do i always trust and believe u my sexy girl
Paul: but u know daddys pedophile cock needs ur sexy naked underaged body so fucking bad
FV: Fine don't show anybody promise
FV: Promise you won't show anyone
Paul: ur mine babygirl
Paul: fuck other people
FV: Ok
FV: u my little sexy babygirl ur little naked body is mine
FV: (Sends an image of FV sitting on the bathroom floor nude with her legs spread and her genitals exposed.)
FV: Ok
FV: I love u
Paul: mmmmmmmmmmmmmmmmmmmm fuck
Paul: cant even believe what im seeing
Paul: ur 11 babygirl ur boobs are so fucking amazing babygirl

In the search warrant return, FastMeet also provided IP logs for FastMeet user 33555324. The logs showed user 33555324 logged into FastMeet from IP address 24.124.55.105 on 688 occasions from May 21, 2019, through June 24, 2019. Internet research identified the internet service provider hosting this IP address was Midcontinent Communications in Lawrence, Kansas. Midcontinent Communications reported this IP address was assigned to KYLE GIBLER, 2436 Cedarwood Avenue, Lawrence, Kansas, telephone 785-218-4836, from May 19, 2019, to July 1, 2019.

FBI Task Force Officer (TFO) conducted surveillance at 2436 Cedarwood Avenue, Lawrence, Kansas, on December 6, 2019. The TFO observed a dark grey to black

Jeep displaying Kansas license plate 368KHU parked in the right side of the driveway, directly in front of the southern door of the attached garage. A check of vehicle registration records through the State of Kansas revealed this license plate was registered to a 2016 Jeep Patriot to Eric Allen Gibler at 2436 Cedarwood Avenue, Lawrence, Kansas, telephone number 785-218-4836.

In communications with other FastMeet users, Paul and the correspondent discussed communicating on Google Hangouts, whereafter "Paul" provided an email address of zummy45th@gmail.com. The following FastMeet conversation occurred June 16, 2019:

> Paul: how old r u girl
> User #34246015: 17
> Paul: u have hangouts
> User #34246015: yea n I don't give it out
> Paul: zummy45th@gmail.com
> Paul: oh well i want to giv u money
> Paul: and wanted videos of u

A search warrant to Google for information associated with email account zummy45th@gmail.com issued from the U.S. District Court for the Western District of Missouri (Case #20-3004-SW-WJE) yielded a photograph of a receipt documenting the purchase of a $50 gift card at CVS on April 11, 2019, at 1:20 p.m. A CVS Pharmacy Regional Loss Prevention Manager reported this gift card was part of a cash purchase made at CVS store #676 by a customer using CVS Extracare Card #4765014176252. CVS records documented Extracare Card #4765014176252 was registered to KYLE GIBLER, telephone number 785-218-4836. Internet research revealed CVS store #676 was located at 2300 Iowa Street, Lawrence, Kansas, which is approximately 0.5 miles from 2436 Cedarwood Avenue, Lawrence, Kansas.

The CVS Pharmacy Regional Loss Prevention Manager also reported Extracare Card #476501417625 was used at CVS store #676 on November 9, 2019. The CVS Pharmacy Regional Loss Prevention Manager provided still shots of surveillance video of the customer making this purchase, and the vehicle he drove to CVS. The person captured in these surveillance photographs appeared consistent with a driver's license photograph of KYLE GIBLER. The vehicle captured in these photograph appeared consistent with the Jeep the TFO observed at 2436 Cedarwood Avenue, Lawrence, Kansas, on December 6, 2019.

6

GIBLER voluntarily traveled to the Lawrence Police Department on October 22, 2020, to be interviewed by law enforcement.  GIBLER admitted he used the alias "Paul" to communicate with people on FastMeet.  GIBLER admitted he sometimes received inappropriate images of people under the age of 18 years old.  GIBLER admitted he sent videos of himself masturbating over FastMeet and identified his penis in a photograph sent by FastMeet account #33555324.

After law enforcement determined GIBLER was no longer free to leave, they issued his Miranda warnings, which GIBLER agreed to waive.  GIBLER turned over three cellular telephone devices which were provided to the Boone County Cyber Crimes Task Force for analysis.

## I. BACKGROUND

The United States Probation Office calculated the Sentencing Guidelines as follows:

| | |
|---|---:|
| **Base Offense Level: § 2G2.1** | **32** |
| 2G2.1(b)(1)(A) | +4 |
| 2G2.1(b)(6)(B) | +2 |
| 3D1.4 | +2 |
| 4B1.1 (repeat and dangerous sex offender) | +5 |
| **Acceptance of Responsibility** | -3 |
| **Total Offense Level** | **42** |

With his Criminal History Category of I, this calculation results in an applicable Guidelines range of 360 months to life.  The statutory authorized maximum sentence is 30 years, therefore the guideline term of imprisonment is 360 months.  The Government recommends a sentence of 360 months with a term of 10 years supervised release to follow.

## II. DISCUSSION

Even after *United States v. Booker*, 543 U.S. 220 (2005), sentencing begins with a properly calculated advisory Sentencing Guidelines range, including any applicable departures.  *See* United States Sentencing Commission, Guidelines Manual, § 1B1.1(a) and (b).  The Court then must consider that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence.  USSG § 1.1B1(c).

7

The Supreme Court has observed that "in the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). The Government submits that this case falls within that category of cases for which the Guidelines sentence is sufficient, but not greater than necessary, to meet the goals outlined in 18 U.S.C. § 3553(a). While 360 months is a significant sentence, given the defendant's conduct in this case, it is a reasonable sentence, and is justified under § 3553(a) for the reasons set forth below.

### A. *Objections to the PSR*

The defendant makes two objections which impact the calculations of the guidelines. The defendant first objects to the 2-level enhancement for the use of a computer. This enhancement was accurately applied by the United States Probation Office. The defendant utilized a computer to seek out minor victims and to sexually exploit them.

The defendant next objects to the application of USSG §4B1.5 denying he engaged in a "pattern of abuse". Pursuant to USSG §4B1.5(b)(1), "In any case in which the defendant's instant offense of conviction is a covered sex crime, neither §4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct the offense level shall be 5 plus the offense level determined under Chapters Two and three…" Prohibited sexual conduct means in part, "…the production of child pornography." Additionally, a conviction is not required to apply this enhancement as, "an occasion of prohibited sexual conduct may be considered for the purposes of subsection (b) without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion. U.S.S.G. § 4B1.5 App Note 4(A-B).

8

In this case, the defendant targeted multiple minors through online conversations. Through their investigation, FBI agents identified six female victims under the age of 18 who produced child pornography at the direction of the defendant. The defendant distributed images of at least three of these minor victims. Therefore, there is a factual basis for applying USSG § 4B1.5.

B.  *Application of the § 3553(a) Factors*

1.  **The History and Characteristics of the Defendant**

The defendant's history and characteristics are the first of the factors enumerated in 18 U.S.C. § 3553(a)(1). The defendant does not have a criminal history, however that is unremarkable in a child exploitation case. Crimes against children are committed in secret and are shrouded in shame. Therefore, many victims delay reporting abuse, or never report it at all. Evidence from this case shows the defendant has been engaged in online activity involving the sexual exploitation of minors since at least January 2015 through April 2017 and remained undetected until the present offense (PSR ¶ 57.)

The defendant reports a stable upbringing with no issues of abuse or drug use during his formative years. He reports no prior mental health diagnosis or treatment and reports no childhood trauma. The defendant has not struggled with drug or alcohol abuse. The defendant reports a lack of stable employment history (PSR ¶¶ 70-86.)

The defendant's history and characteristics do not support a downward variance from the Sentencing Guidelines.

2.  **The Need to Protect the Public from Future Crimes by the Defendant and the Nature and Circumstances of the Offense**

9

The need to protect the public from the defendant's own future crimes, 18 U.S.C. § 3553(a)(1)(C), the nature and circumstances of the offense of conviction, 18 U.S.C. § 3553(a)(1), as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, 18 U.S.C. § 3553(a)(2)(A), and the need to deter other criminal conduct, 18 U.S.C. § 3553(a)(2)(B), all weigh in favor of the Guidelines-range sentence that the Government recommends.

The facts of this case reveal a dangerous sexual predator who has used the internet to manipulate and exploit children. The defendant held himself out as, "Paul", stating he was an 18 year-old male residing in Florida. The defendant met FV on a dating app called Fastmeet. FV told the defendant she was 11 years old. Through their conversations, the defendant manipulated the 11-year-old female to send pornographic images of herself and her two-year-old brother, MV. Through conversations with FV, the defendant discussed wanting to penetrate MV anally with his penis, and directed FV to take pictures of his anus.

The charged conduct is not an isolated incident. Law enforcement was able to identify six additional minor females who sent nude images to the defendant. Officers also located thousands of files depicting child pornography. The defendant is a predator who exploits children using the internet and must be held accountable. The defendant has interacted directly with minor children, discussed sexual acts, and used them for his own sexual gratification. A guideline sentence of 360 months is appropriate in this case both to protect the community and to prevent the defendant from causing harm to other children.

### 3. The Need to Avoid Unwarranted Sentencing Disparities

Uniformity in sentencing among similarly-situated defendants is also an important element of sentencing, 18 U.S.C. § 3553(a)(6), and in general, this factor weighs in favor of a Guidelines-

range sentence, since the Court "necessarily g[ives] significant weight and consideration to the need to avoid unwarranted disparities" when calculating and reviewing the Guidelines range. *Gall v. United States*, 552 U.S. 38, 54 (2007). On December 14, 2018, a similarly situated defendant in the Western District of Missouri was sentenced to 360 months on Count 1 and 240 months on Count 2, concurrent to one another, and lifetime supervision in *United States v. Gerard Alonzo Toney* (17-03135-01-CR-SW-SRB, D.E. 36.) In that case, Toney held himself out to be an adult female and contacted women through a dating website in order to attempt to receive child pornography from various women. Toney never succeeded in receiving images from his targeted victims. On May 9, 2019, a similarly situated defendant in the Western District of Missouri was sentenced to 360 months on Counts 1 and 2, concurrent to one another followed by 30 years supervised release in *United States v. Brandon Cuddihe* (17-04091-01-CR-C-SRB, D.E. 49.) In that case, Cuddihe held himself out to be a 16-year-old female in order to induce multiple minor children as young as 10 years old to produce child pornography. On April 28, 2022, *Charles Junious Adams* was sentenced to 300 months and lifetime supervision on Count 1 of a two Count Indictment (19-4044-01-CR-C-RK, D.E 60.) Adams' conduct was extremely similar to the defendant's in that he concealed his identity to manipulate a 10 year old minor female to send pornographic images of herself and her twin sister. He also had additional, uncharged, identified victims.

The reason why the defendant in this case should receive a higher sentence is the fact that the dismissed count involved a two-year-old male child. The defendant requested specific images of the toddler and indicated he wished to anally penetrate him. The victimization of a male toddler and the articulation of his sexual fantasies towards that child indicate the defendant is a high risk

11

to the community. To avoid sentencing disparity, the Government recommends that the defendant be sentenced to 360 months, the high end of the Guidelines range.

### 4. Balancing of All § 3553(a) Factors

A 360-month sentence is absolutely called for in this case. Based on the nature and circumstances of the offense as well as a need to protect the community, a 360-month sentence is sufficient but not greater than necessary to achieve justice.

## C. *Restitution*

Pursuant to 18 U.S.C. 2259, restitution shall be ordered in this case. The following victims have requested restitution[1]:

- John Doe 1, John Doe 2, John Doe 3, John Doe 4 and John Doe 5 from the "8 kids" series each request $3,000 for a total of $15,000.
- "Henley" from Blue Pillow1 series requests $5,000.
- "Anna" from Middle Model Sister series requests $3,000.
- "Jessy" from the Surfer Hair series requests $5,000.
- "Tara" requests $151,671/27; The Government requests $3,000.
- "Alice" from the At_Dawn series requests $25,000.
- "Sarah" from Marineland1 series requests $10,000.
- "Sierra" from Jan_Socks1 series requests $7,500.
- "Skylar" from Jan_Socks3 series requests $7,500.
- "Violet" from the At School series requests $10,000.
- "Pia" from the Sweet White Sugar series requests $5,000.

---

[1] Except where otherwise noted, the Government endorses the restitution requests made in the PSR for each identified victim.

- "Ava" from the Sweet purple sugar series requests $5,000.

- "Jane" from CinderBlockBlue series requests $3,000.

- "Erin" from BluesPink series requests $3,000.

- "Fiona" from BluesPink series requests $3,000.

- "Jenny" requests $3,000.

D.  *Recommended Sentence for Monetary Penalties*

Due to the defendant's inability to pay, the Government is not advocating that a fine be imposed. However, the $100 Special Assessment per count is mandatory and, as a result, $100 must be paid in full by the defendant no later than the day of sentencing.

## IV. CONCLUSION

The Government respectfully suggests that a sentence of 360 months incarceration followed by a lifetime of supervision constitutes a sentence sufficient, but not greater than necessary, to achieve justice.

Respectfully submitted,

**Teresa A. Moore**
United States Attorney

By          /S/

**Ashley S. Turner**
Assistant United States Attorney
Missouri Bar No. 62314

13

Case 2:20-cr-04089-RK   Document 39   Filed 08/29/23   Page 13 of 14

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was delivered on August 29, 2023, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to current counsel of record.

/S/
**Ashley S. Turner**
Assistant United States Attorney