| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>KYLE G. GIBLER,<br>Defendant | )<br>)<br>)<br>) Case No.: 20-04089-01-CR-RK<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW Kyle Gibler, defendant in the above referenced cause, by and through the undersigned attorney, and hereby respectfully moves this Honorable Court to impose a sentence of 180 months and any term of supervised release that pleases the Court. In support thereof, Mr. Gibler submits the following sentencing memorandum for this Court's consideration.

## I. APPLICATION OF SENTENCING FACTORS

This Court must impose a sentence that is sufficient, but *no greater than necessary*, to effectuate the purposes of 18 U.S.C. § 3553(a)(2). Because a sentence beyond 180 months in the Bureau of Prisons is greater than necessary to effectuate those purposes, Mr. Gibler submits that his recommendation is appropriate in this case.

### A. The nature and circumstances of this offense, and the history and characteristics of the defendant, warrant the sentence.

18 U.S.C. § 3553(a)(1) requires consideration of both the current offense and past conduct and characteristics of the defendant. Mr. Gibler has pled guilty to one count of attempted production of child pornography, 18 U.S.C § 2251(a), 2251(e); a crime for which he recognizes there is no excuse or justification. However, the Court is to consider not just the offense, but also Mr. Gibler's history and characteristics.

Mr. Gibler has absolutely zero criminal history. PSIR ¶¶ 62-63. Quite to the contrary of a criminal history, Mr. Gibler has a history of selflessness few are ever in a position to emulate. In July of 2019 Mr. Gibler's father, Gregory Gibler, was viciously attacked and the resulting brain injuries left him unable to care for himself. Mr. Gibler assumed the role of his father's caretaker,

and from late 2019 to the time of his arrest, Mr. Gibler's near sole responsibilities were to his father's well-being. Mr. Gibler was essentially on call twenty-four hours per day to ensure his father's needs were met and to assist in his recovery.

Mr. Gibler enjoys the support of his family to this day and recognizes that his decisions have taken tragic tolls on both the victims and his own family. Yet, upon his release from whatever sentence the Court imposes, he will be welcomed back to a loving family that will assist him in whatever recovery is necessary.

    B. **A term of 180 months satisfies the purposes of 18 U.S.C. § 3553(a)(2)(A) because it is an adequate punishment and further confinement would be greater than necessary.**

18 U.S.C. § 3553(a)(2)(A) requires consideration of the need for the sentence in this matter to reflect the seriousness of the offense, the promotion of the respect for the law, and the provision of a just punishment for the offense. A term of 180 months satisfies these concerns in a myriad of ways. First and foremost, 15 years is a tremendous time for anyone to spend in prison. A brief comparison illustrates the adequacy of this punishment. Missouri state law allows a 10-year, or lower, sentence for: murder in the second degree (§ 565.020 RSMo.), rape in the first degree (§ 566.030), child molestation in the first degree (§ 566.067). In addition to the time spent incarcerated, Mr. Gibler will forever endure the opprobrium of not only a federal, felony conviction, but that of a sex offense. He will be subject to the Court's supervision for any amount of time the Court deems proper, in addition to forever being required to register as a sex-offender.

180 months also promotes respect for the law. Because it is a considerable period of time that reflects the seriousness of this offense, 180 months promotes respect for the law in that no reasonable onlooker could conclude that the law and the Courts do not take matters such as this seriously. Mr. Gibler is nearly 30 years old; 180 months confinement followed by any term of supervised release that the Court imposes will render him in his fifties by the time his obligations to the Court are satisfied; because he will be a registrant, his full obligations will never be satisfied. This is a clear indication that misdeeds like these will be effectively and justly punished.

180 months is just for similar reasons. Just punishment is more than retribution; it is punishment that is adequate, but no greater than necessary to effectuate the overarching goals of sentencing.

C. **A term of 180 months adequately deters criminal conduct and protects the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B),(C).**

180 months followed by supervised release is adequate to deter nearly all criminal conduct. A minimum of twenty years of confinement and supervision, encompassing all of a young man's thirties and forties is significant deterrent.

Furthermore, this sentence protects the public from further crimes of the defendant. Additionally, Mr. Gibler will forever maintain the near certitude that, based on this conviction, any future criminal activity will be punished far more harshly than otherwise.

D. **A term of 180 months is the most effective manner for providing Mr. Gibler the opportunity to engage in the necessary educational or vocational training, or other correctional treatment as directed by the Court. 18 U.S.C. § 3553(a)(2)(D).**

Mr. Gibler is willing and able to participate in any beneficial programs offered by the Bureau of Prisons. A sentence of 180 months with supervised release is an appropriate length of time to both serve a just punishment, and avail himself of educational and vocational training, as well as correctional treatment, without the sentence being so long as to diminish the benefits of these programs.

## II.   RESTITUTION

Given Mr. Gibler's inability to pay, PSIR ¶ 89, Mr. Gibler respectfully requests that the Court consider the lengthy period of incarceration sufficient punishment and limit restitution to the crime of conviction.

## III.   OBJECTIONS

Mr. Gibler objects to the two-level enhancement pursuant to section 2G2.1(b)(6)(B)(ii). This enhancement no longer distinguishes offenders in a meaningful way given the advancements in technology since its adoption and the ubiquity of internet access and communication via computers. This amounts to an enhancement that is "all but inherent to the crime of conviction." *U.S. v. Dorvee*, 616 F.3d 174, 186 (2d Cir. 2010).

## CONCLUSION

WHEREFORE, Kyle Gibler respectfully moves this Court to impose a sentence of 180 months followed by any term of supervised release, and for any and all other relief this Court deems just and proper.

RESPECTFULLY SUBMITTED:

/s/ TJ Kirsch
T.J. Kirsch Mo. Bar No. 66007
Attorney for the Defendant
Kirsch & Kirsch, LLC
214 E. McCarty St.
Jefferson City Missouri, 65101
tj@kk-attorneys.com
(573) 222-0826

**Certificate of Service**

I hereby certify that on this day, October 26, 2023, an electronic copy of the foregoing was sent through the CM-ECF system of the United States District Court for the Western District of Missouri to counsel of record.

/s/ TJ Kirsch
TJ Kirsch